## CIRCUIT COURT OF MADISON COUNTY

Roberts

v.

Zoning Appeals Board
of Madison County

May 5, 2004

Case No. (Law) 1887

BY JUDGE DANIEL R. BOUTON

The court has now had an opportunity to review in its entirety the above referenced file. The court has given full consideration to the arguments that were presented at the hearing on April 21, 2004. The court has also carefully studied the cases and authorities cited by counsel in support of their respective positions. I write to advise of the court's ruling on the motion for summary judgment.

*Facts That Are Not Disputed*

A number of facts that are critical to the court's ruling are set forth below. It should be noted that both parties agree to the accuracy and correctness of the facts for the purposes of the motion for summary judgment. The facts are as follows.

The family subdivision plat that depicts the entrance that is in dispute was approved by Betty Grayson on October 1, 1998. Ms. Grayson is the Zoning Administrator of Madison County. Ms. Grayson is an administrative official whose duties include the review and approval of subdivision plats and the construction, interpretation, and application of the zoning ordinance of Madison County.

The two lots that comprise the subdivision are depicted on a plat of survey made by Bruce W. Parker, Land Surveyor, dated September 22, 1998, and recorded in the Clerk's Office of the Circuit Court of Madison County on October 7, 1998.

The survey of Bruce W. Parker, dated September 28, 1998, explicitly states that the existing entrance (described by all parties as the eastern entrance at the hearing) was to be abandoned.

The county's approval of the subdivision and the subdivision plat was expressly conditioned on and subject to the abandonment of the entrance that all parties agree was the eastern entrance.

The distance between what is depicted on the plat as the western entrance and what is shown as the eastern entrance is approximately two hundred and twelve feet. Regardless of the precise footage of the distance that separates the two entrances, all parties agree that the distance is less than the six hundred feet between entrances that is required by the zoning ordinance.

At the time that the family subdivision depicted on Mr. Parker's plat was created, Section 5-10-1 of the Madison County Zoning Ordinance was in full force and effect.

*Discussion and Analysis*

To begin with, two principles of law cited by Ms. Gail Marshall must be stressed by the court. First, it is well established under Virginia law that the decision of the BZA is presumed to be correct and that it should not be overturned by the circuit court unless it is plainly wrong. In cases of this nature, "the decision of a board of zoning appeals is presumed to be correct and can be reversed or modified only if the trial court determines that the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *Higgs v. Kirkbride*, 258 Va. 567, 573, 522 S.E.2d 861 (1999).

Second, the decision made by an administrative official who is responsible for interpreting a local ordinance is entitled to great weight. As stated by the Virginia Supreme Court: "A consistent administrative construction of an ordinance by the officials charged with its enforcement is entitled to great weight ... while this rule is more often applied to cases in which the administrative construction has continued and been acquiesced in for a long period of time, it is not confined to such cases. . . ." *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44, 353 S.E.2d 727 (1987).

With the above principles in mind, the court will first address a number of potential defenses and arguments that Ms. Marshall anticipated would be raised in opposition to her motion for summary judgment. Ms. Marshall

brought them to the court's attention when oral argument was presented, and she described and analyzed each point on an individual basis. First, she addressed the argument that the petitioners did not have notice of the provisions of the ordinance and/or the violation of the distance requirement for subdivision entrances depicted on the survey of Mr. Parker dated October 1, 1998. Second, she discussed the concept of preemption due to the Virginia Department of Transportation's alleged involvement with the subdivision entrances. Third, she analyzed any contention that the parties suffered a hardship in a manner that is akin to the principles that arise in variance cases. Finally, she refuted any claim that the action of the BZA was arbitrary and capricious because other nonconforming entrances could be found in Madison County at the time the BZA turned down the request of the petitioners in the case before the court.

It is not necessary for the court to discuss each of the arguments made by Ms. Marshall because counsel for the petitioner chose to make only one argument at the hearing that was conducted on the motion for summary judgment; that particular argument will be discussed below in more detail. With regard to the other issues appropriately raised by Ms. Marshall and noted above, the court adopts the arguments made by her at the hearing of April 21st. The court relies on the various authorities that she cited and finds persuasive the reasoning contained in such authorities. The court also incorporates by reference the multiple arguments made on these points in the written response to the petition for appeal that she filed on behalf of Madison County. Thus, the court concludes that none of the arguments to which she responded constitute grounds to deny the motion for summary judgment.

The court will next address the one argument made by Mr. David Dickey at the hearing on the motion. Specifically, he asserts that there is a material factual dispute regarding whether the "eastern entrance" came into existence prior to 1990 when the applicable provisions of the ordinance (Section 5-10-1) were passed. He maintains that there is evidence in the record of the proceedings that at least demonstrates support for the assertion that this fact is disputed. He points to information provided to the BZA by those with knowledge of the property and he cites the evidence available from the Virginia Department of Transportation.

Nevertheless, the existence and/or use of any entrance prior to the passage of the ordinance would be irrelevant to the court's analysis. There is no dispute that the family subdivision before the court was not created until October of 1998. At that time, the provisions of the ordinance had already been passed and remained in full force and effect. As stressed by Ms. Marshall, the law that applied when the subdivision was created provided

that the "center line of any entrance onto a Virginia primary road shall be six hundred feet or more from the center line of any adjacent entrance ... each parcel of land that fronts on a Virginia primary road and is recorded in the Clerk's Office of the Circuit Court of Madison County prior to June 20, 1990, shall be permitted to have at least one entrance. . . ." In other words, the use and existence of a particular entrance or entrances would not eliminate or affect the applicability of the distance requirements for entrances that were required by the ordinance when the subdivision plat was approved in October of 1998. Before the subdivision in the present case was created, the distance requirement between entrances, six hundred feet, had already been properly established. The use and/or existence of any entrance would not eliminate the application of this provision of the ordinance.

Finally, to the extent any argument is made that the petitioners have a vested right in an existing entrance on constitutional grounds, the court adopts the reasoning of *City of Emporia v. Mangum*, 263 Va. 38, 556 S.E.2d 779 (2002). On this point, Ms. Marshall persuasively argues that the *Mangum* case prohibits the court from even addressing whether the petitioners have any due process property rights in the entrance. As noted by the Supreme Court, a board of zoning appeals is a statutory entity and the resulting limited standard of review that applies to its decisions "does not authorize a trial court to rule on the validity or constitutionality of legislation underlying a board of zoning appeals decision." *Board of Zoning Appeals v. University Square Associates*, 246 Va. 290, 294, 435 S.E.2d 385 (1993).

## Conclusion

As a result of the above analysis, the court finds that no material fact is genuinely in dispute. Therefore, the court will grant the motion for summary judgment and dismiss the appeal.